UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JEFFREY ALLEN ROWE,            )
                               )
            Plaintiff,         )
      vs.                      )    1:11-cv-524-JMS-MJD
                               )
ALAN FINNAN, et al.,           )
                               )
            Defendants.        )

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

Plaintiff Jeffrey Allen Rowe, an inmate at the Pendleton Correctional Facility (PCF) and self-described associate pastor of the Church of Jesus Christ Christian (CJCC) (a religion associated with white-supremacist ideology), alleges that at least nineteen defendants are responsible for violating the Religious Land Use and Institutionalized Persons Act (RLUIPA) and Articles 1 and 2 of the Indiana Constitution. Rowe alleges that 19 defendants have conspired to deprive him, as an Identity Christian adherent the equal protection of the laws to practice his religion and that the policies complained of violate his First Amendment rights. Specifically, these claims include the following:

1. The Indiana Department of Correction's (DOC) zero tolerance policy (policy number 02-03-105) on Security Threat Groups (STGs) is unconstitutional and violates RLUIPA.

2. The DOC's ban on the swastikas is unconstitutional and violates RLUIPA.

3. The DOC's visitation policy violates his First and Eighth Amendment rights and RLUIPA.

4. The DOC's book and publication limit violates RLUIPA.

5. The DOC's procedure prohibiting certain offender to offender correspondence violates RLUIPA.

6. The DOC's insufficient staff and unreasonable delays in inventorying and delivering property violates RLUIPA.

7. The DOC's library access violates RLUIPA. Specifically, the prison's refusal to provide Identity Christian content by purchasing and broadcasting Identity Christian religious messages on DVD through the prison's movie channel and failure to purchase and make available Identity Christian books and publications.

8. The DOC's policy number 02-01-103, prohibiting "item censorship," violates RLUIPA.

9. Forwarding Identity Christian correspondences to the STG coordinator for review is unconstitutional and violates RLUIPA.

10. Policy allowing officials to excessively 'delay' religious correspondences without notification is unconstitutional and violates RLUIPA.

11. The confiscation of the plaintiff's Identity Christian newsletters, booklets and correspondences on November 30, 2010, January 19, 2011, and January 24, 2001 was unconstitutional and violated RLUIPA.

Rowe brings his claims pursuant to 42 U.S.C. § 1983. He seeks money damages and declaratory and injunctive relief.

## II.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Applying this standard, certain claims must be dismissed.

The claims dismissed as legally insufficient are the following:

- Claims for money damages under RLUIPA are dismissed. The Supreme Court held in *Sossamon v. Texas*, 131 S. Ct. 1651 (2011), that money damages are not available in suits against states under the RLUIPA—and suits against state employees in their official capacity are treated as suits against the states themselves. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Claims for money damages (or any relief) against the defendants in their personal capacities fare no better, because as the Seventh Circuit has explained, RLUIPA does not authorize any kind of relief against public employees, as opposed to governmental bodies that receive federal funds and accept the conditions attached by the statute. *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011) (citing *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)).

- Claims for money damages under the Indiana Constitution are dismissed. No such claim can be maintained, because the persuasive authority is that there is no

    private cause of action for damages under the Indiana Constitution. *See Estate of O-Bryan v. Town of Sellersburg,* 2004 WL 1234215 at *21 (S.D.Ind. May 20, 2004); *Malone v. Becher,* 2003 WL 22080737 at *18 (S.D.Ind. Aug. 29, 2003) (Indiana Supreme Court has not recognized an implied right of action for damages under Article 1, sections 15 and 16); *Boczar v. Kingen,* 2000 WL 1137713 at *24-25 (S.D.Ind. March 9, 2000); *Ratliff v. Cohn*, 693 N.E.2d 530, 542 (Ind. 1998) ("particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code *as a whole* and does not protect fact-specific challenges.") (emphasis in original); *Bailey v. Washington Theater Co.,* 34 N.E.2d 17, 19-20 (Ind. 1941). Accordingly, any claim for damages asserted under the Indiana Constitution is dismissed for failure to state a claim upon which relief can be granted.

- Rowe seeks injunctive relief. Defendants Edwin Buss, the Commissioner of the IDOC, and Alan Finnan, Superintendent of PCF, (in their official capacities) are sufficient defendants for the purpose of Rowe pursuing injunctive relief. Claims against all other defendants for injunctive relief are dismissed as duplicative.

- Claims against Jane/John Doe are dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

### III.

    The defendants who have appeared in the action shall have 30 calendar days from the date this Entry is docketed in which to file their answer or other responsive pleading to the complaint.

    **IT IS SO ORDERED.**

Date: 08/29/2012

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Wade J. Hornbacher
wade.hornbacher@atg.in.gov

David A. Arthur
David.Arthur@atg.in.gov

Jeffrey Allen Rowe
DOC #116017
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064