## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:11-cv-524-JMS-MJD |
| | ) | |
| ALAN FINNAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Denying Motion for Preliminary Injunction

Plaintiff Jeffrey Allen Rowe filed the instant motion for a preliminary injunction requesting immediate access to religious materials and correspondence that have been deemed impermissible, as well as seeking "item censorship." The materials sought by Rowe are related to the Identity Christianity Movement and the Church of Jesus Christ Christian, an offshoot of the Aryan Nation. Rowe describes some of the publications which were "disapproved" for his use, including publications with depictions of a Klansman on horseback, photos of KKK rallies, and depictions of the Aryan Nation's logo. The defendants argue that such publications are inflammatory in both language and message and no preliminary injunction should issue mandating the prison to allow Rowe to possess such publications.

To prevail on his motion the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002); *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater plaintiff's chances of success on the merits, the less strong a showing plaintiff must make that the balance of harm is in his favor. *Storck v. Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994).

The first question, therefore, is whether Rowe has a reasonable likelihood of success on the merits. On this point, the answer is that he has an exceedingly slim likelihood of success on the merits. Rowe is incarcerated at the Pendleton Correctional Facility, a maximum-security prison. Rowe is a validated member of a

white supremacist security threat group. Internal Affairs reviews certain items of Rowe's mail referred from the mail room that could pose a safety and security risk to the facility. The mail is only withheld if its contents would inflame already high racial tensions, advocate violence, or if it contains incendiary language or symbols. The instant case, deals with the distribution of what has been deemed by the facility to be racially charged hate literature in what is already an environment with racial tension. Constitutional rights are legitimately limited both by the fact of incarceration and valid penological objectives--including deterrence of crime, rehabilitation of prisoners, and institutional security. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In an eventual balancing of personal and institutional interests in the present case--the right to receive racist, violent literature and the interests of preserving the safety and security of prion--the merits greatly favor the exclusion of such materials from a prison setting based upon both security interests and the principle of rehabilitation.

Second, Rowe has not established that traditional legal remedies will be inadequate. If successful in this litigation Rowe could gain access to the materials presently sought. The possible remedy, eventual release of the sought after items, provides Rowe with an adequate legal remedy.

Third, Rowe has not demonstrated that he will sustain irreparable harm if he is not given immediate access to his materials. When this case is resolved on the merits, if successful, Rowe will have access to his materials. Under the facts alleged, a delay in access to his materials does not constitute irreparable harm.

Fourth, the injunction sought is not in the public interest, in that the court should "afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode,* 423 U.S. 362, 379 (1976). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks,* 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). Any injunction issued against prison officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests. Routine prison operations are related to security concerns, *see, e.g., Walker v. Hughes,* 558 F.2d 1247 (6th Cir. 1977), and are matters with which the federal courts should be reluctant to interfere. Directing the defendants to allow Rowe to possess what has been determined (by prison administrators) to be racially inflammatory literature at this point would not provide the defendants with the deference in which they are entitled in maintaining institutional security.

Rowe has not established a basis for injunctive relief in this case. He has not presented adequate argument or evidence to show that he lacks an adequate remedy at law. Moreover, he has not shown a reasonable likelihood of success on the merits. The relief sought is not in the public interest. For all of these reasons, Rowe's motion for a preliminary injunction [26] is **denied.**

**IT IS SO ORDERED.**

Date:  01/04/2013 _____

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Allen Rowe
116017
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel