UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


JEFFREY ALLEN ROWE,            )
                               )
            Plaintiff,         )
      vs.                      ) NO. 1:11-cv-00524-JMS-MJD
                               )
ALAN FINNAN,                   )
ALBERTA POTTER,                )
DODD,                          )
ROGERS,                        )
DANIEL BODLOVICH,              )
DENNIS DAVIS,                  )
BRUCE HEMLING,                 )
EDWIN BUSS,                    )
HOWARD MORTON,                 )
KRISTY RICHARDSON,             )
LARRY FOWLER,                  )
L.A. VANNATTA,                 )
LISA ASH,                      )
MICHELLE PAVESE,               )
STEPHEN HALL,                  )
WALTER PERTERSON,              )
WAYNE SCAIFE,                  )
WILLIAM WILSON,                )
                               )
            Defendants.        )


                    **ORDER ON MOTIONS TO COMPEL**

   This matter comes before the Court on two motions to compel

filed by the Plaintiff, Jeffrey Rowe.  [Dkt. 42, 47.] After

reviewing the submissions and hearing the arguments, the Court

rules as follows.

**A.   Plaintiff's First Verified Motion to Compel Discovery [Dkt.**

   **42]**

   Plaintiff's first motion to compel relates to Defendant's

responses to Request Nos. 1, 2, 6, 7, 8, 9, 10, 12, and 13 in

Plaintiff's First Request for Production. The Court will address each of those requests in turn.

**Request Nos. 1 & 2**

Request No. 1 seeks "[a] list of all groups that the Ind. Dep't of Correction has classified as a Security Threat Group (STG)." [Dkt. 42-1 at 1.] Request No. 2 seeks "[a] list of all symbols that the Ind. Dep't of Correction has classified as an STG related symbol." [*Id.*] Defendants object on the grounds that the Request seeks information that could compromise the safety and security of the facility. [*Id.* at 1-2.]

Defendants argue that the security of the prison is the primary goal of any such facility and that, in weighing the totality of the circumstances, the Court should find that the burden to the system in terms of compromised security outweighs the value of the material sought by the Plaintiff. *See Jones v. North Carolina Prisoners' Labor* Union, 433 U.S. 119, 132 (1977) (noting that "central to all other corrections goals is the institutional consideration of internal security" (citing Pell v. Procunier, 417 U.S. 817, 823 (1974))); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (noting that "the court should consider 'the totality of the circumstances'" in deciding which materials are relevant under Rule 26 (citing Rowlin v. Alabama, 200 F.R.D. 459, 461 (M.D. Ala. 2001))); *Caldwell v. Miller*, 790 F.2d 589, 599 (7th Cir. 1986) (noting that the "seriousness of a threat to institutional security"

turns on "the specific facts surrounding the particular incident" (citing Hewitt v. Helms, 459 U.S. 460, 474 (1983))).

The Court agrees.  The information sought by Request Nos. 1 and 2 has only tangential relevance to Plaintiff's claims, if any at all, and the facility's interest in maintaining security against internal threats significantly outweighs any need Plaintiff may have for the information sought.  Accordingly, Plaintiff's motion to compel with respect to Request Nos. 1 and 2 is denied.

**Request No. 6**

Request No. 6 seeks "[a]ll Ind. Dep't of Correction communications, e-mails, memorandums, minutes from policy review hearings – after May of 2010 – discussing visitation from ex-offenders with current offenders."  [Dkt. 42-1 at 3.]  Defendants acknowledge the potential relevance of the information sought, but object that the request is overly broad and may potentially invade the deliberative process privilege.  [*Id.*]  Defendants have produced Policy No. 02-01-102 on offender visitation.

By agreement of the parties, the Court will limit the scope of Request No. 6 to read as follows: All communications after May of 2010 with or between the Commissioner of the Indiana Department of Corrections, the Deputy Commissioner of the Indiana Department of Corrections, the Executive Director of Adult Facilities for the Indiana Department of Corrections, and/or the Policy Manager for the Indiana Department of Corrections

discussing visitation of ex-offenders with current offenders. With that change, Defendants' overbreadth objection is overruled. Defendants' privilege objections are preserved, but must be communicated by a privilege log on a document-by-document basis.

**Request No. 7**

Request No. 7 seeks "[d]ocumentation that would enable Plaintiff to calculate the percentage of trafficking cases in visitation rooms throughout the Ind. Dep't of Correction as the cases related to ex-offender immediate family member visitors, ex-offender not immediate family member visitors, and visitors without a criminal record. This request is [limited] to trafficking cases that occurred throughout the Indiana Department of Correction visitation rooms during the last 10 years." [Dkt. 42-1 at 3.] Defendants object that the request is vague for lack of specificity, is overly broad, is unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence relating to a claim or defense in the matter, and may potentially invade the deliberative process privilege. [*Id.*] Defendants argue that the information sought is not compiled by the State and that they would need to review each individual incident report at every facility throughout the State in order to determine whether that report contained any relevant information and then compile that information from those reports that might contain the relevant information.

The Court finds Plaintiff's request to be sufficiently

specific to overcome Defendants' vagueness objection. Likewise, the Court finds the information requested to be potentially relevant to one of Plaintiff's claims in this matter, so those objections are overruled. However, in light of the fact that no central repository of the requested information exists and extraordinarily expensive effort would need to be undertaken to gather and collate the information requested, the Court finds that the burden and expense of the proposed discovery outweighs its likely benefit in light of the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in question in resolving those issues. Accordingly, Defendants' overbreadth and undue burden objections to Request No. 7 are sustained. However, if Defendants intend to rely upon any statistical or other evidence to support the policies at issue in this matter, to the extent not previously produced, such evidence should be produced pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

**Request No. 8**

Request No. 8 seeks "[a]ll documents and information considered in reaching the decisions to adopt and continue to enforce IDOC Policy No. 02-01-102, Procedure IX." [Dkt. 42-1 at 3.] At the hearing, Defendants clarified that no responsive documents have been identified. Accordingly, Defendants' objection is overruled and Defendants are directed to clarify

that they possess no documents responsive to this Request. In the event that any responsive documents are subsequently identified, Defendants' privilege objections are preserved, but must be communicated by a privilege log on a document-by-document basis.

**Request No. 9**

Request No. 9 seeks "[t]he minutes from all policy review hearings, starting from the policy review hearing whether the Ind. Dep't of Correction adopted a policy that prohibits all forms of visitation from ex-offenders that are not an immediate family member to the offender that the ex-offender seeks to visit." [Dkt. 42-1 at 4.] Defendants object to this Request as vague and overly broad. [*Id.*]

At the hearing, counsel for Defendants did not believe any such hearings had been held, but could not state such to an absolute certainty. Accordingly, Defendants' objections to this Request shall be sustained in part and overruled in part. To the extent that any such documents exist, Defendants shall produce any transcript or recording, as well as the minutes therefrom, to any hearing that may have been conducted within the past five years with regard to the issue of ex-offender visitation. If no such documents exist, Defendants are directed to clarify that they possess no documents responsive to this Request as modified herein. In the event that any responsive documents are subsequently identified, Defendants' privilege objections are

preserved, but must be communicated by a privilege log on a document-by-document basis.

**Request No. 10**

Request No. 10 asks Defendants to "[a]llow Plaintiff to listen to the audio recording of Plaintiff's visit to the Internal Affairs Dep't on January 19, 2011, concerning the confiscation of his publications entitled 'Christian Separatist Catechism' and 'Universalism of Racism – A Critical Review of James Bruggeman's "The History of Universalism."'" [Dkt. 42-1 at 4.] Defendants respond that "[n]o responsive documents exist." [*Id.*] Defendants' response to the motion clarified that no recording exists. [Dkt. 48 at 5.] Because there is no objection to this Request and Defendants have made an unequivocal response thereto, there is nothing to compel. Accordingly, Plaintiff's motion to compel with respect to Request No. 10 is denied as moot.

**Request No. 12**

Request No. 12 seeks "[d]ocumentation showing the titles, author names, and prices of every religious book that the Indiana Dep't of Correction has purchased in the last 5 years." [Dkt. 42-1 at 5.] Defendants object that the request is vague and is not reasonably calculated to lead to the discovery of admissible evidence relating to a claim or defense in the matter. [*Id.*]

After further clarification of Plaintiff's request, the Court finds that Request is not unreasonably vague. However,

with that clarification, the Court does find the Request as stated to be overly broad and unduly burdensome as well as not reasonably calculated to lead to the discovery of admissible evidence relating to a claim or defense in the matter. Accordingly, Defendants' objections are sustained in part and Defendants are directed to respond to the following modified request: Documentation showing the titles, authors' names, and prices of every religious book that the Indiana Department of Correction has purchased in the last five years at the facilities in which Plaintiff was housed during that five-year period.

**Request No. 13**

Request No. 13 seeks "[d]ocumentation showing how many fights have occurred in facility chapels throughout the Indiana Department of Correction during the last 5 years, what the reasons were that motivated the fights (or the suspected reasons that motivated the fights), and what each of the prisoners' designated religious preference was that were involved in said fights." [Dkt. 42-1 at 5.] Defendants object that the request is vague, is overly broad, is unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence relating to a claim or defense in the matter. Defendants further object on the grounds that the Request seeks information that could compromise the safety and security of the facility. [*Id.*]

Once again, Defendants explain that a review of countless

individual incident reports and related documents would need to be conducted to compile the requested information. In light of the fact that no central repository of the requested information exists and the extraordinarily expensive effort that would need to be undertaken to gather and collate the information requested, the Court finds that the burden and expense of the proposed discovery outweighs its likely benefit in light of the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in question in resolving those issues. Furthermore, the information sought by Request No. 13 has only tangential relevance to Plaintiff's claims, if any at all, and the facility's interest in maintaining security against internal threats significantly outweighs any need Plaintiff may have for the information sought. Accordingly, Plaintiff's motion to compel with respect to Request No. 13 is denied.

**B.   Plaintiff's Second Verified Motion to Compel Discovery [Dkt. 47]**

Plaintiff's second motion to compel relates to Defendants' responses to Request Nos. 1, 2, 3, 4, and 5 in Plaintiff's Second Request for Production. Because the Requests at issue are related, the Court will address them together.

Request No. 1 seeks "[a]ll investigatory reports and conduct reports for incidents of violence at the Pendleton Correctional facility (for the last 5 years) where the incidents involved

prisoner(s) of different races, and the documentation from the Offender Information System ("OIS") showing what races each of those prisoners were/are." [Dkt. 47-1 at 1.]  Defendants object on the grounds that the Request is vague, is overly broad, and seeks information that could compromise the safety and security of the facility.  [*Id.* at 1-2.]

Request No. 2 seeks "[a]ll investigatory reports and conduct reports for incidents of violence in the Pendleton Correctional Facility (for the last 20 years) where the incidents occurred because a prisoner was possessing, or reading, or sharing with others Identify Christian publication(s)." [Dkt. 47-1 at 2.] Defendants incorporate by reference their objections to Request No. 1 in response to this Request.  [*Id.*]

Request No. 3 seeks "[a]ll investigatory reports and conduct reports for incidents of violence at the Pendleton Correctional facility (for the last 20 years) where the incidents occurred because a prisoner was possessing or displaying Aryan Nation standard." [Dkt. 47-1 at 2.]  Defendants incorporate by reference their objections to Request No. 1 in response to this Request.  [*Id.*]

Request No. 4 seeks "[a]ny documents showing the current or last known address for every prisoner involved in the incidents or violence mentioned in Request Nos. 1-3 above." [Dkt. 47-1 at 2.]  Defendants incorporate by reference their objections to Request No. 1 in response to this Request.  Defendants further

object that the Request is not reasonably calculated to lead to the discovery of admissible evidence relating to a claim or defense in the matter. [*Id.*]

Request No. 5 seeks "[a]ny documents showing the names, titles, and current or last known addresses or current or former Indiana Dept of Correction officials that witnessed or investigated the incidents of violence mentioned in Request Nos. 1-3 above." [Dkt. 47-1 at 3.] Defendants object on the grounds that the Request seeks information that could compromise the safety and security of the facility. [*Id.*]

Again, an individualized search of numerous records would need to be conducted to provide the information sought by Plaintiff. In light of the fact that no central repository of the requested information exists and extraordinarily expensive effort would need to be undertaken to gather and collate the information requested, the Court finds that the burden and expense of the proposed discovery outweighs its likely benefit in light of the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in question in resolving those issues. Furthermore, the information sought by these Requests has only tangential relevance to Plaintiff's claims, if any at all, and the facility's interest in maintaining security against internal threats significantly outweighs any need Plaintiff may have for the information sought. Accordingly,

Plaintiff's second motion to compel is denied.

Defendants shall produce any responsive documents required to be produced pursuant to this order, along with a log of any responsive documents withheld, within twenty-eight days of the date of this order.

Dated:     06/04/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

JEFFREY ALLEN ROWE
116017
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838