UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALAN FINNAN, | ) |
| ALBERTA POTTER, | ) |
| CHAPLIN DODD, | ) |
| CHAPLIN ROGERS, | ) |
| DANIEL BODLOVICH, | ) |
| DENNIS DAVIS, | ) |
| BRUCE HEMLING, | ) |
| EDWIN BUSS, | ) |
| HOWARD MORTON, | ) |
| KRISTY RICHARDSON, | ) |
| LARRY FOWLER, | )  No. 1:11-cv-00524-JMS-MJD |
| L.A. VANNATTA, | ) |
| LISA ASH, | ) |
| MICHELLE PAVESE, | ) |
| STEPHEN HALL, | ) |
| WALTER PERTERSON, | ) |
| WAYNE SCAIFE, | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendants Alan Finnan, Alberta Potter, Chaplain Dodd, Chaplain Rogers, Daniel, Bodlovich, Dennis Davis, Bruce Helming, Edwin Buss, Howard Morton, Kristi Richardson, Larry Fowler, L.A. Vannatta, Lisa Ash, Michael Pavese, Stephen Hall, Walter Peterson, Wayne, Scaife, and William Wilson's ("Defendants") Motion to Compel

Plaintiff's Response to Certain of Defendants' First Set of Interrogatories. [Dkt. 73.] The Court being duly advised, **GRANTS** Defendants' Motion.

## I.   Background

Plaintiff Jeffrey A. Rowe claims that a policy of the Indiana Department of Corrections is overbroad, in violation of his due process rights. After Defendants served their First Set of Interrogatories, Mr. Rowe subsequently objected to interrogatory nos. 3-18. [Dkt. 73-1.] In the objections, Mr. Rowe contends that: (1) the interrogatory exceeds the limit of interrogatories allowed by Fed. R. Civ. P. 33(a)(1); (2) Plaintiff's Verified Complaint already answers this interrogatory; and (3) the demands of the interrogatory are unduly burdensome. [Dkt. 73-1.] In response to these objections, Defendants filed their Motion to Compel Plaintiff's Response to Certain of Defendant's First Set of Interrogatories. [Dkt. 73.]

## II.   Discussion[1]

The Federal Rules of Civil Procedure provide that, unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than twenty-five written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). Rule 33 does not define "discrete subparts," and the Seventh Circuit lacks a clear rule or test to define the term. *Bell v. Woodward Governor Co.*, No. 03-C-50190, 2005 WL 3829134, at *1 (N.D. Ill. June, 30, 2005) (noting that there remains a lack of a clear and easily applied rule about how subparts should be counted in the Seventh Circuit). The interpretation recommended by Moore's Federal Practice suggests that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Id.*

---

[1] Plaintiff asserts that he filed a Motion for Voluntary Dismissal regarding his Eighth Amendment challenge to the visitation policy. [Dkt. 73-1 at 9.] Plaintiff's Notice of Voluntary Dismissal was filed after Defendants filed an answer, so the Notice of Voluntary Dismissal was not effective. If the parties wish to voluntarily dismiss those claims, the parties may file a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41 (a)(1)(ii).

(quoting *Kendall v. GES Exposition Servs, Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997); 7 Moore's Federal Practice, § 33.30[2] (Matthew Bender 3d ed.)).

Plaintiff first asserts that Defendants' interrogatory exceeds the limit of interrogatories allowed by Fed. R. Civ. P. 33(a)(1). However, the Court need not address this issue directly because "the court may alter the limits in these rules on the number of depositions and interrogatories." Fed. R. Civ. P. 26(b)(2)(A); *see also* Fed. R. Civ. P. 33(a)(1). Defendants may have served over twenty-five interrogatories, but it is within the Court's discretion to increase the limit to cover all of the interrogatories served in light of the circumstances. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters" (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000))). Given the large number of Defendants, it is reasonable for the Court to increase the number of interrogatories. *Id.* Therefore, the Court increases the limit of interrogatories to cover all of the interrogatories served heretofore in this case pursuant to Federal Rule of Civil Procedure 26b)(2)(A). *See also* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff's objection in this regard in overruled.

Plaintiff also claims that his Verified Complaint already answers the interrogatory. It is generally not appropriate to respond to an interrogatory by reference to a complaint or verified complaint. *See, e.g., Wagner v. St. Paul Fire & Marine Ins. Co.,* 238 F.R.D. 418, 427 (N.D.W.Va. 2006) (noting that it is not a valid objection to an interrogatory to state that requested information is already in the requesting party's control). Additionally, a claim of duplication is insufficient, unless all documentary material from which the interrogatory answers may be conveniently obtained has been previously provided. *See In re Folding Carton Antitrust*

*Litig.* 83 F.R.D. 260 (N.D. Ill. 1979).  Therefore, Plaintiff's objection that his Verified Complaint already answers the interrogatory is unfounded and is therefore overruled.

Plaintiff further contends that Defendants' interrogatories are unduly burdensome.  However, Plaintiff has taken a considerable amount of time and effort to restate his allegations from Plaintiff's Verified Complaint in response to both Defendants' First Set of Interrogatories and in Plaintiff's Response to Defendants' Motion to Compel. [Dkt. 73-1, 79.]  This illustrates Plaintiff's familiarity with the interrogatories as well as his full capability to respond.  In addition, objections to interrogatories must be specific and supported by detailed explanation as to why interrogatories, or a class of interrogatories, are objectionable. *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D. Ill. 1975);  *Fisher v. Baltimore Life Ins. Co.,* 235 F.R.D. 617, 622 (N.D.W.Va. 2006) (concluding that objections to interrogatories must be stated with specificity, and mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as a specific objection).  The Plaintiff here makes no such qualifying objection.  Accordingly, Plaintiff's objection on the grounds of undue burden is overruled as well.

Defendants assert that they require a clearer and more concise explanation from the Plaintiff as to how each Defendant is associated with each of the Plaintiff's claims, and the Court agrees.  [Dkt. 73.]  The Court also agrees with Defendants' argument that the interrogatories are important to assist Defendants to decipher the Plaintiff's complaint.  [*Id.*]  Accordingly, the Court **GRANTS** Defendants' Motion to Compel Plaintiff's Response to Certain of Defendants' First Set of Interrogatories.

### IV.    Conclusion

For the above-mentioned reasons, Defendants' Motion to Compel is hereby **GRANTED.**  Plaintiff is ordered to prepare a complete and unequivocal response to interrogatory nos. 3-18 of

Defendants' First Set of Interrogatories by no later than **July 1, 2013**.  Plaintiff shall then hand deliver his response to counsel for Defendants prior to the start of Plaintiff's deposition on July 2, 2013.  Counsel for Defendants shall be responsible for making arrangements to make a copy of the response for return to Mr. Rowe.

Dated:   06/21/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

SERVICE VIA THE PRISIONER  ELECTRONIC FILING SYSTEM ON:

JEFFREY ALLEN ROWE
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838