# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

REV. JEFFREY ALLEN ROWE,      )
      )
      )
      Plaintiff,  )
      )
      vs.      )   Case No. 1:11-cv-00524-JMS-MJD
      )
INDIANA DEPARTMENT OF    )
  CORRECTION,      )
      )
      Defendant.  )

## ENTRY DISCUSSING PLAINTIFF'S MOTION TO RECONSIDER

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims. . . ." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg,* 678 F.3d 582, 587 and n. 3 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," and should not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984)). In response to the Entry Discussing Cross Motions for Summary Judgment issued on March 3, 2014 (the "Entry"), plaintiff Jeffrey Allen Rowe now seeks reconsideration of a few of the Court's rulings. For the reasons explained below, Rowe's motion to reconsider [dkt. 135] is **granted in part and denied in part.**

### I. Injunctive relief

Rowe's motion to reconsider is **granted** to the extent that the Court will consider whether the confiscation of certain publications from Rowe on November 30, 2010, and January 19, 2011,

violates RLUIPA in the course of the up-coming bench trial. In other words, the Court will determine whether Rowe is entitled to the return of the pieces of correspondence confiscated from him on November 30, 2010, and January 19, 2011, without "item censorship." These documents relate to Rowe's surviving claim that the correspondence policy which Rowe describes as prohibiting item censorship of religious publications/correspondences violates RLUIPA. These documents shall be addressed in this context.

For clarity, however, Rowe must first alert the Court to the specific location on the docket of the relevant documents (that is, the November 30, 2010, and January 19, 2011, confiscated documents). Rowe shall have **through June 5, 2014,** in which to provide this information.

## II.   Footnote 5

Rowe's motion to reconsider is denied to the extent that Rowe challenges statements made in footnote 5 the Entry. Dkt. 131 at p. 9. This footnote noted that "even if the individual defendants were not entitled to qualified immunity, it appears (although not argued by either party) that the most Rowe could recover is nominal damages against the individual defendants." This footnote was dicta. Rowe's motion to reconsider is **granted to the extent that the Court's observations found in footnote 1 are not controlling in this action.** This is another way of saying, that what damages might be available against the defendants on his claims brought pursuant to 42 U.S.C. § 1983 is irrelevant because the individual defendants were granted judgment as a matter of law.

## III. Abandonment of Claims

Next Rowe argues that the Court erred in finding that he had abandoned all claims except his First Amendment and RLUIPA claims. As the Entry of March 3, 2014, explained, a host of claims were voluntarily dismissed by Rowe and any claim not specifically mentioned in that Entry was understood to be voluntarily dismissed by Rowe. See dkt. 131, citing dkts. 36; 128 at p. 29;

and 90 at fn. 1. Rowe himself stated, "Any other claims Rowe has, that he has not already voluntarily dismissed, or argued herein for summary judgment in his favor, Rowe hereby voluntarily dismisses." Dkt. 128 at p. 82. Specifically, Rowe argues that the Court overlooked the following claims:

- That the IDOC's ban on the swastika as a religious symbol violates the Equal Protection Clause of the Fourteenth Amendment.

- The IDOC's Zero Tolerance policy on Security Threat Groups is unconstitutionally vague under the Fourteenth Amendment

- That Defendant Potter violated Rowe's Fourteenth Amendment Due Process rights by delaying numerous incoming religious correspondences addressed to Rowe without notifying him of those delays.

Rowe states that these claims were never voluntarily dismissed or abandoned. Omitted from Rowe's argument is any reference to his summary judgment briefing which would substantiate his claim that these issues were raised and briefed. The Court will not once again piece through Rowe's 83-page handwritten memorandum in opposition to the defendants' motion for summary judgment to verify his assertion. If a claim was overlooked in Rowe's briefing, he should be able to point to that section of his briefing with specificity. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In addition, the defendant correctly notes that the Court did address Rowe's claims as they were understood to be alleged consistent with the following: The Court held that "no applicable federal law has been identified which upholds the right of a prisoner to keep a wearable swastika medallion." Dkt. no. 131, p. 14. The Court identified the vagueness/overbreadth claim as an issue of material fact, to be tried. Dkt. no. 131, p. 15. Finally, as discussed further below, the Court addressed all issues as to Alberta Potter and concluded she is immune from damage claims. Under these circumstances, the motion to reconsider is **denied.**

## IV. Qualified Immunity

Finally, Rowe argues that the Court erred in determining that defendants Potter and Peterson were entitled to qualified immunity. First, Rowe argues that defendant Potter is not entitled to qualified immunity on Rowe's claims concerning her delays of mail without notice in violation of the Fourteenth Amendment. In response, the defendant points out that Rowe has not identified any controlling case law which mandates written notice of referring mail to an investigator. Instead, the cases relied on by Rowe provide that written notice of a rejection be supplied. The record reflects that Potter did not reject Rowe's mail but that she referred it for review to Peterson. Under these circumstances, the motion to reconsider is **denied.**

Rowe also argues that defendant Peterson is not entitled to qualified immunity on Rowe's First Amendment claims. In support, Rowe references *Zimmerman v. Tribble,* 226 F.3d 568, 572-73 (7th Cir. 2000) for the proposition that it is clearly established law that repeated occurrences of delaying mail violates the First Amendment. But *Zimmerman*, does not advance Rowe's argument. In *Zimmerman,* the Seventh Circuit affirmed the dismissal of Zimmerman's claim that his First Amendment rights were violated by the delivery of his mail in an untimely manner. *Id.* at 572-73. Nor are Rowe claims like the plaintiff's in *Sizemore v. Williford,* 829 F.2d 608 (7th Cir. 1987). In *Sizemore*, the Seventh Circuit held that "the allegation that upon repeated occasions copies of the *Cincinnati Enquirer* were intentionally *never* delivered to Sizemore [a prisoner] does, absent any security-related or other legitimate justification, state a claim under the First Amendment." *Id.* at 611. In reviewing the defendant's motion for summary judgment, the record established that the defendants, specifically defendant Peterson, had a security-related and legitimate justification for the delay in reviewing Rowe's mail for impermissible Christian Identity or Aryan Nations content which could affect the safety or security of the facility. Under these

circumstances, the delay of Rowe's incoming mail on fourteen occasions was reasonable. Given the record on summary judgment, the Court correctly determined that defendants Peterson and Potter are entitled to qualified immunity and the motion to reconsider is **denied** on this basis.

## V. Conclusion

This action shall proceed to trial on the six RLUIPA claims identified in the Entry of March 3, 2014. See dkt. 131 at p. 19. Specifically, the issues for trial are the following: 1) whether the IDOC's Zero Tolerance Policy on STGs violates RLUIPA; 2) whether the IDOC's visitation policy prohibiting current prisoners from receiving visits from ex-prisoners that are not immediate family to the current prisoner violates RLUIPA; 3) whether the IDOC's property policy limiting prisoners to only possessing one authoritative religious text book and twenty additional books (unless in an approved religious study course) violates RLUIPA; 4) whether the IDOC's correspondence policy prohibiting offender-to-offender mail when one of the prisoners is on any type of segregation unit violates RLUIPA; 5) whether the correspondence policy prohibiting "item censorship" of religious publications/correspondence violates RLUIPA;[1] and 6) whether the ban on the swastika as a religious symbol violates RLUIPA.

**IT IS SO ORDERED.**

Date: 05/13/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] If the correspondence policy prohibiting "item censorship" violates RLUIPA the Court will then consider whether the confiscation of certain publications from Rowe on November 30, 2010, and January 19, 2011, violates RLUIPA consistent with Part I of this Entry.

5

Distribution:

JEFFREY ALLEN ROWE
Reg. No. 116017
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel